[Cite as *State v. Arrendondo*, 2025-Ohio-876.]

STATE OF OHIO       )        IN THE COURT OF APPEALS
                     )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

| | |
|---|---|
| STATE OF OHIO | C.A. No. 2023AP0028 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NICKOLAS ARRENDONDO | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2022 CR-B 000682 |

DECISION AND JOURNAL ENTRY

Dated: March 17, 2025

---

FLAGG LANZINGER, Presiding Judge.

{¶1}    Nickolas Arrendondo appeals his conviction for domestic violence from the Wayne County Municipal Court. For the following reasons, this Court affirms.

I.

{¶2}    Arrendondo was charged with one count of domestic violence in violation of R.C. 2919.25(A). Arrendondo pleaded not guilty and the matter proceeded to a jury trial.

{¶3}    At trial, the State presented testimony from the alleged victim ("C.M.") and two police officers. The defense presented no witnesses. This Court will summarize the evidence the State presented at trial.

{¶4}    According to C.M., she and Arrendondo had been dating for about nine months at the time of the underlying incident. C.M. testified that Arrendondo was living with her and her two teenaged children at the time, and that she and Arredondo had recently become engaged.

**{¶5}** C.M. testified that around midnight on May 25, 2022, she went to Arrendondo's sister's house to retrieve Arrendondo's medication. C.M. testified that Arrendondo's sister was not home, but her husband (i.e., Arrendondo's brother-in-law) was home at the time. C.M. testified that Arrendondo's medication was not at his sister's house, so she left and returned home.

**{¶6}** C.M. testified that Arrendondo became angry when she returned home and Arrendondo learned that she had been alone with his brother-in-law. C.M. explained that Arrendondo "was off his meds so he wasn't in the right state of mind." C.M. testified that she and Arrendondo argued in her bedroom while her children slept in the basement. C.M. testified that she assured Arrendondo that nothing happened between her and his brother-in-law, but Arrendondo became "enraged."

**{¶7}** C.M. testified that she became afraid of Arrendondo and tried to run out of the bedroom. As C.M. attempted to exit the bedroom, Arrendondo's "fist made contact with [C.M.'s] head[.]" C.M. testified that she could not remember how many times Arrendondo struck her with his fist, but that it was at least one time. C.M. testified that Arrendondo was angry when he struck her and that it hurt.

**{¶8}** On cross-examination, C.M. initially acknowledged that it was possible that Arrendondo struck her by accident because it "happened really quickly[.]" When defense counsel later asked C.M. how sure she was that Arrendondo intended to strike her in the head, C.M. responded: "I'm sure."

**{¶9}** After Arrendondo struck C.M., C.M. ran out of the house, drove around town a few times, and then stopped at the Apple Creek police station. C.M. approached a police officer in the parking lot of the station. C.M. asked the officer for help and explained that she had been in a fight with her boyfriend. The officer testified that C.M. seemed upset and that he observed "a

knot, some swelling and redness" on her forehead. The officer took pictures of C.M.'s injuries, which the State presented as exhibits at trial. The pictures showed two swollen bumps on C.M.'s forehead.

{¶10} The officer, along with two other officers from the Wayne County Sheriff's Office, then went to C.M.'s home to look for Arrendondo. Officers searched the home and the area around the home but were unable to locate Arrendondo. Officers testified that C.M.'s children were still sleeping in the basement when they arrived, and that the house did not appear to be in a state of disarray.

{¶11} After hearing the evidence, the jury found Arrendondo guilty. The trial court sentenced Arrendondo to 170 days in the Wayne County Jail and imposed an $800 fine plus costs. Arrendondo now appeals, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. NICKOLAS ARRENDONDO.

{¶12} In his first assignment of error, Arrendondo argues that the State failed to present sufficient evidence in support of his conviction for domestic violence. Specifically, Arrendondo argues that the State failed to prove that he knowingly caused physical harm to C.M. For the following reasons, this Court overrules Arrendondo's first assignment of error.

{¶13} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the

evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* The trier of fact is entitled to rely on direct, as well as circumstantial evidence. *See id.*

{¶14} R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." A person acts "knowingly" when:

> regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B). "[S]ince the fact-finder can never truly get inside the defendant's mind, mens rea is often proved by circumstantial evidence." *State v. Robertson*, 2024-Ohio-2848, ¶ 66 (9th Dist.), quoting *State v. St. John*, 2009-Ohio-6248, ¶ 21 (7th Dist.).

{¶15} Arrendondo's challenge to the sufficiency of the evidence is based solely on the State's purported failure to establish that he "knowingly" caused physical harm to C.M. Arrendondo asserts that he "was off his medication and not in the right state of mind" at the time of the incident. Arrendondo also asserts that C.M. acknowledged during trial that he could have hit her by accident.

{¶16} Arrendondo's arguments lack merit. The State presented evidence indicating that C.M. and Arrendondo argued after Arrendondo learned that C.M. had spent time alone with his brother-in-law. C.M. described Arrendondo as upset and enraged, and explained that Arredondo was angry when he struck her in the head with his fist. C.M. explained that Arrendondo struck her

at least one time. While C.M. initially acknowledged on cross-examination that Arrendondo could have hit her by accident, she later clarified that she was "sure" Arrendondo intended to hit her. Viewing the evidence in a light most favorable to the State, this Court concludes that the State presented sufficient evidence for the jury to reasonably conclude that Arrendondo knowingly struck C.M. in the head with his fist. Arrendondo's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

MR. NICKOLAS ARRENDONDO['S] CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE CONSTITUTION (CLAUSE XIV, SECTION 1, UNITED STATES CONSTITUTION).

{¶17} In his second assignment of error, Arrendondo argues that his conviction for domestic violence was against the manifest weight of the evidence. This Court disagrees.

{¶18} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶19} Arrendondo argues that his conviction was against the manifest weight of the evidence because: (1) C.M. testified that she was uncertain about what happened and that it "felt like an accident[;]" (2) C.M. testified that he was off his medication and not in the right state of mind at the time of the incident; (3) C.M. was concerned for his safety after the incident; (4) C.M. did not seek medical treatment for her injuries; and (5) C.M.'s children were still sleeping when the police arrived and the house did not appear to be in a state of disarray.

**{¶20}** Arrendondo's arguments lack merit. Initially, Arrendondo mischaracterizes C.M.'s testimony to the extent he asserts that she was uncertain about what happened and that she felt like it was an accident. During her testimony, C.M. explained that everything happened very quickly and that Arrendondo struck her in the head with his fist at least one time. As previously noted, C.M. initially acknowledged on cross-examination that Arrendondo could have hit her by accident. C.M. later clarified that she was "sure" Arrendondo intended to hit her.

**{¶21}** Arrendondo's remaining arguments likewise lack merit. The jury heard testimony indicating that C.M. was concerned for Arrendondo's safety after the incident, that C.M. did not seek medical treatment for her injuries, and that C.M.'s children were still sleeping when the police arrived and the house did not appear to be in a state of disarray. The jury also heard testimony from C.M. indicating that Arrendondo "was off his meds so he wasn't in the right state of mind." The fact that the jury heard the foregoing testimony yet still found Arrendondo guilty of domestic violence does not render his conviction against the manifest weight of the evidence. The jury determined that Arrendondo knowingly caused physical harm to C.M., an undisputed household member. Nothing in the record before this Court indicates that the jury lost its way in doing so. Consequently, this is not the exceptional case in which the evidence weighed heavily against Arrendondo's conviction. *Croghan*, 2019-Ohio-3970, at ¶ 26 (9th Dist.). Arrendondo's second assignment of error is overruled.

III.

**{¶22}** Arrendondo's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

ANGELA WYPASEK, Prosecuting Attorney, and TIMOTHY P. BOGNER, Assistant Prosecuting Attorney, for Appellee.